FILED
CLERK
2/24/2015 2:17 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
EASTERN SAVINGS BANK, FSB,

                      Plaintiff,

        -against-

LEONARD J. FERRO, RAB PERFORMANCE
RECOVERIES, LLC, DA SILVA PLASTIC AND
RECONSTRUCTIVE, SURGERY, PC AND
AUGSTO DA SILVA, MD,

                     Defendants.
----------------------------------------------------------------X

ORDER
13-CV-5882 (SJF)(GRB)

FEUERSTEIN, J.

On October 25, 2013, plaintiff Eastern Savings Bank, FSB ("Eastern" or "plaintiff") commenced this diversity action[1] against defendants Leonard J. Ferro ("Ferro"), RAB Performance Recoveries, LLC ("RAB"),[2] Da Silva Plastic and Reconstructive Surgery, PC ("Da Silva Surgery"), August Da Silva, MD ("Da Silva M.D."),[3] and "John Doe #1 through John Doe

---

[1] Plaintiff, a federally chartered savings bank, is a citizen of Maryland, the state in which it has its main office. *See* [Docket Entry Nos. 1 ("Complaint" or "Compl.") ¶ 2, 29-3 (Pl. 56.1 Stmt.) ¶ 39]; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307, 126 S.Ct. 941, 163 L.Ed.2d 797 (2006) ("a national bank...is a citizen of the State in which its main office, as set forth in its articles of association, is located."). Defendants Ferro, Da Silva Surgery and Da Silva M.D. are residents of New York (*id*. ¶¶ 3, 5), and defendant RAB is a resident of New Jersey. *Id*. ¶ 4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

[2] RAB is a necessary party to this action by virtue of a judgment lien docketed with the Suffolk County Clerk's Office against Leonard Ferro on August 11, 2008 in the amount of $579.86. Compl. ¶ 4, Ex. I. The Secretary of State, as agent for defendant RAB, was served with the Complaint on November 4, 2013 pursuant to Federal Rule of Civil Procedure 4(h)(1)(B). [Docket Entry No. 18-5] and on February 4, 2014, the Clerk of the Court entered a Certificate of Default as to defendant RAB due to its failure to answer or otherwise move with respect to the Complaint. [Docket Entry No. 19]; Pl. 56.1 Stmt. ¶ 29.

[3] Defendants Da Silva Surgery and Da Silva M.D. are necessary parties to this action by virtue of a judgment lien docketed with the Suffolk County Clerk's Office against Leonard Ferro and Rachel Ferro on November 17, 2010 in the amount of $1,801.28. Compl. ¶ 5, Ex. I. Defendant Da Silva Surgery was served with the Complaint on November 4, 2013 pursuant to Federal Rule of Civil Procedure 4(h)(1)(B) by delivery upon an authorized agent [Docket Entry No. 29-16 (Ex. M to Motion for Summary

1

#6"[4] (collectively, "defendants") pursuant to New York Real Property Actions and Proceedings Law, Section 1301 *et seq.*, to foreclose on a one hundred sixty-five thousand dollar ($165,000.00) mortgage encumbering the Property, as defined herein. Now before the Court is plaintiff's unopposed motion for summary judgment against answering defendant Ferro pursuant to Federal Rule of Civil Procedure 56. [Docket Entry No. 29 ("Motion for Summary Judgment")]. For the reasons that follow, plaintiff's Motion for Summary Judgment is granted.

I. BACKGROUND[5]

    A. Factual Background

        1. The Note and Mortgage

On December 4, 2007, defendant Ferro and Leonard Ferro Sr., by Toni L. Poallo, Attorney-in-Fact, executed a Note in the principal amount of one hundred sixty-five thousand

---

Judgment)], and defendant Da Silva M.D. was served with the Complaint on November 6, 2013 pursuant to Federal Rule of Civil Procedure 4(e)(1) by delivery upon a person of suitable age and discretion. [Docket Entry No. 29-17 (Ex. N to Motion for Summary Judgment)]. On November 26, 2013, defendants Da Silva Surgery and Da Silva M.D. (the "Da Silva Defendants") served on plaintiff a notice of appearance and a claim to surplus, waiving service of all papers and notices of all proceedings in this action except, all notices of sale, and notices of proceedings to obtain surplus money. [Docket Entry No. 29-19, Ex. P to Motion for Summary Judgment]; Pl. 56.1 Stmt. ¶ 33.

[4] Plaintiff voluntarily dismissed the action as to defendants "John Doe #1 through John Doe #6" pursuant to a so ordered stipulation of dismissal on March 6, 2014. [Docket Entry No. 22].

[5] The facts are taken from the undisputed assertions set forth in Plaintiff's Statement of Material Facts Pursuant to Local Rule 56.1 Statement ("Pl. 56.1 Stmt.") [Docket Entry No. 29-3], the affirmation of Jerold C. Feuerstein in support of plaintiff's motion for summary judgment ("Feuerstein Aff.") [Docket Entry No. 29-1], the affidavit of Terry Brown in support of plaintiff's motion for summary judgment ("Brown Aff.") [Docket Entry No. 29-2], and the exhibits attached thereto [Docket Entry. Nos. 29-4-29-28 ("Exs. to Motion for Summary Judgment")]. *See* Local Civil Rule 56.1(c) ("Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party"); *Gubitosi v. Kapica*, 154 F.3d 30, 31 n.1 (2d Cir. 1998) (deeming admitted all material facts contained in an unopposed Rule 56.1 statement).

dollars ($165,000.00) in favor of plaintiff (the "Note"). Pl. 56.1 Stmt. ¶ 2; [Docket Entry No. 29-4, Ex. A to Motion for Summary Judgment (the "Note")]. The Note was secured by a mortgage (the "Mortgage") executed the same day on real property located at 17 Dietz Street, Central Islip, New York, 11722 (the "Property"). Pl. 56.1 Stmt. ¶ 3; [Docket Entry No. 29-5, Ex. B to Motion for Summary Judgment (the "Mortgage")]. On or about March 5, 2008, Leonard Ferro Sr. and defendant Ferro executed a Bargain and Sale Deed (the "Deed") by which Leonard Ferro Sr. reserved a life estate in the Property with right of possession during the term of his natural life. Pl. 56.1 Stmt. ¶ 4; [Docket Entry No. 29-6, Ex. C to Motion for Summary Judgment (the "Deed")]. Leonard Ferro Sr. passed away on or about June 12, 2008. Pl. 56.1 Stmt. ¶ 5; [Docket Entry No. 29-7, Ex. D to Motion for Summary Judgment].[6] Eastern remains the owner and holder of the Note, Mortgage and all other documents executed in conjunction with the loan. Brown Aff. ¶ 8.

The terms of the Note require defendant Ferro, as the borrower, to make monthly payments to plaintiff, the lender, of principal and interest on the first day of each month, beginning on February 1, 2008, and continuing on the first day of each month thereafter until the maturity date. Pl. 56.1 Stmt. ¶ 6; Note ¶ 3. The Note further provides that if Ferro fails to pay the full amount of each monthly payment on its due date, he will be in default (Pl. 56.1 Stmt. ¶ 6; Note ¶ 6) and the Note Holder may send Ferro a written notice explaining that if he does not pay the overdue amount by a certain date, the Note Holder may require him to immediately pay the full amount of principal which has not been paid and all interest owed on that amount. Pl. 56.1 Stmt. ¶ 8; the Note ¶ 6. The Mortgage also allows Eastern to require Ferro to immediately pay

---

[6] Leonard Ferro Sr. is not a necessary party to this action because the life estate and all his rights, title and interest in the Property were extinguished upon his death. Compl. ¶ 14.

the entire amount due under the Note if Ferro fails to make a payment when due, Eastern sends Ferro a thirty (30) day notice of default, and Ferro fails to correct his default. Pl. 56.1 Stmt. ¶ 10; Mortgage, at 14-15.

The Mortgage further provides that Ferro will pay to plaintiff "all amounts necessary to pay for taxes, assessments, water charges, sewer rents and other similar charges, ground leasehold payments or rents (if any), hazard or property insurance covering the Property, flood insurance (if any), and any required Mortgage Insurance, or a Loss Reserve Amount as described in Section 10 in the place of Mortgage Insurance." Pl. 56.1 Stmt. ¶ 11; Mortgage ¶ 3. The Mortgage allows plaintiff to "include these amounts as Escrow Items" and provides that the monthly payment paid by Ferro for Escrow Items "will be based on [plaintiff's] estimate of the annual amount required" and will be made "on the same day that [his] Periodic Payments of principal and interest are due under the Note." *Id.* An Initial Escrow Account Disclosure Statement setting forth the anticipated amounts of additional amounts for real estate taxes and insurance to be paid with principal and interest as part of the monthly mortgage payments was executed by defendant Ferro and Leonard Ferro Sr by Toni L. Poallo, Attorney-in-Fact, at or about the time the loan was executed. Pl. 56.1 Stmt. ¶ 12; Brown Aff. ¶ 58; [Docket Entry No. 29-24, Ex. U to Motion for Summary Judgment ("Escrow Disclosure")]. Because the exact amount of the following year's taxes is uncertain, the Escrow Disclosure states at the top that it is "an estimate of activity in your escrow accounting during the coming year based on payments anticipated to be made from your account." Brown Aff. ¶ 58; Ferro Escrow Disclosure. Each year, plaintiff performs and sends to its borrowers, including Ferro, a detailed Escrow Analysis which sets forth and reconciles the prior year's payments with the actual disbursement rate.

Brown Aff. ¶ 60; [Docket Entry No. 29-25, Ex. V to Motion for Summary Judgment ("Escrow Analysis")].

2. Ferro's Default and Prior Foreclosure Actions

As a result of Ferro's failure to make timely payments from July 2010 to October 2010, plaintiff commenced a foreclosure proceeding against Ferro on October 26, 2010 in the United States District Court for the Eastern District of New York under Civil Action No. 10-civ-4932 (the "First Foreclosure Action"). Pl. 56.1 Stmt. ¶ 13. Based upon payment made by Ferro on or about November 12, 2010, plaintiff voluntarily dismissed, without prejudice, the First Foreclosure Action. Pl. 56.1 Stmt. ¶ 13; Brown Aff. ¶ 16; [Case No. 10-civ-4932, Docket Entry. No. 4 (Order of Dismissal)]. Based upon Ferro's failure to make timely payments beginning on December 1, 2010, plaintiff initiated a second foreclosure proceeding in the United States District Court for the Eastern District of New York under Civil Action No. 11-civ-5152 (the "Second Foreclosure Action"). Pl. 56.1 Stmt. ¶ 15.

3. The Forbearance Agreement and the Deferral Agreement

On or about December 9, 2011, Eastern and Ferro executed a Forbearance Agreement, as defined herein, which, *inter alia*, provided that Eastern would forbear from proceeding with the previously instituted foreclosure proceedings until August 31, 2012 so long as Ferro complied with the payment scheduled provide in the Forbearance Agreement, which required him to remit an initial payment of fifteen thousand dollars ($15,000.00) on or before December 5, 2011 and then remit forbearance payments in the amount of two thousand four hundred twenty-five dollars ($2,425.00), consisting of principal and interest in addition to escrow payment for property taxes and insurance as provided for in the Mortgage on the first day of each month beginning with January 2012 and continuing until and including August 2012. Pl. 56.1 Stmt. ¶¶ 16-17; Brown

Aff. ¶¶ 19-20, 43; [Docket Entry No. 29-8, Ex. E to Motion for Summary Judgment ("Forbearance Agreement") ¶ 2]. The Forbearance Agreement preserved Eastern's "right to increase the amount of the forbearance payments due under [the Forbearance Agreement] in the event the escrow portion of the monthly payment increases." Pl. 56.1 Stmt. ¶ 17; Forbearance Agreement ¶ 2.

In the Forbearance Agreement, Eastern agreed that if Ferro complied with the Forbearance Agreement it would dismiss any pending foreclosure action and defer any remaining past due amounts until the earlier of: (i) payment of the loan in full, (ii) acceleration of the debt, or (iii) default, or (iv) maturity of the loan. Brown Aff. ¶ 20; Forbearance Agreement ¶ 4. Pursuant to the Forbearance Agreement, Ferro acknowledged "that the loan [was] in default for December 1, 2010 and subsequent payments" (Forbearance Agreement ¶ 5) and agreed "not to contest, and…waive[d] any defenses, set-offs or counterclaims to any foreclosure proceeding except as to the non-existence of a default under [the Forbearance Agreement]." Pl. 56.1 Stmt. ¶ 18; Forbearance Agreement ¶ 8. Ferro complied with the Forbearance Agreement and the next monthly payment under the Mortgage due was for September 1, 2012. Brown Aff. ¶ 23.

On August 28, 2012, Eastern and Ferro executed a deferral agreement which set forth the amount of debt due and owing to be deferred in compliance with the Forbearance Agreement and set forth the next monthly payment due for September 1, 2012 in the amount of two thousand two hundred sixty dollars and forty-seven cents ($2,260.47), which specifically included the escrow portion of the payment of seven hundred thirty-four dollars and twelve cents ($734.12). Pl. 56.1 Stmt. ¶ 19; Brown Aff. ¶ 24; [Docket Entry No. 29-9, Ex. F to Motion for Summary Judgment ("Deferral Agreement")]. In the Deferral Agreement, Ferro acknowledged the amount he currently owed and that was being deferred, and "acknowledge[d] and agree[d] that there are

6

no set-offs or defenses against the Note and Mortgage." Pl. 56.1 Stmt. ¶ 20; Brown Aff. ¶ 25; Deferral Agreement ¶ 5.

Following the execution of the Forbearance Agreement and the Deferral Agreement, the Second Foreclosure action was voluntarily dismissed, without prejudice, on October 9, 2012. [Case No. 11-civ-5152, October 9, 2012 Order of Dismissal].

    4.    Ferro's Default

Ferro failed to make timely payments due under the Note, Mortgage, and Deferral Agreement beginning in November 2012 to the present. Pl. 56.1 Stmt. ¶ 21. On February 22, 2013, Eastern sent Ferro, via regular and certified mail, a ninety (90)-day notice letter pursuant to Section 1304(1) of the New York State Real Property Actions and Proceedings Law ("RPAPL") to cure the default and advised Ferro that if the matter was not resolved within ninety (90) days, Eastern may commence legal action. Pl. 56.1 Stmt. ¶ 22; [Docket Entry No. 29-10, Ex. G to Motion for Summary Judgment]. On May 8, 2013, counsel for Eastern sent Ferro, via regular and certified mail, a thirty (30)-day notice to cure, in accordance with the requirements of the Note and Mortgage. *Id*. Ferro failed to cure the default. Pl. 56.1 Stmt. ¶ 23.

B.    Procedural History

On October 25, 2013, Eastern initiated the instant action to foreclose the Mortgage and collect: (a) the entire unpaid principal amount due under the Note, and all accrued and unpaid interest, protective advances and late charges, which, as of October 17, 2013 amounted to two hundred twenty-three thousand eight hundred seventy-six dollars and eighty cents ($223,876.80); (b) attorneys' fees and other costs and disbursements, which will accrue until the amount due and payable under the Note is paid in full; and (c) any and all additional fees that are due but not

7

limited to protective advances that are due or may become due and payable as provided under the terms and conditions of the Note and Mortgage. *See* Compl. ¶ 22; Pl. 56.1 Stmt. ¶ 25.

On December 16, 2013, Ferro filed an Answer ("Answer") and Counterclaims against Eastern ("Counterclaims"), asserting six (6) affirmative defenses[7] and six (6) counterclaims. [Docket Entry No. 15]. On January 3, 2014, Eastern answered Ferro's Counterclaims. [Docket Entry No. 16]. On July 21, 2014, Eastern filed its unopposed motion for summary judgment and a cover letter explaining that defendant Ferro had not served any opposition and that his counsel had informed Eastern that "opposition to Plaintiff's Motion for Summary Judgment would not be interposed." [Docket Entry Nos. 29-30]. Plaintiff seeks an order: (1) granting summary judgment in favor of Eastern and against Ferro pursuant to Rule 56(a); (2) striking Ferro's Answer and Defenses and dismissing Ferro's Counterclaims pursuant to Rule 12(f) of the Federal Rules of Civil Procedure,[8] and (3) "for such other and further relief as this Court deems just and proper." [Docket Entry No. 29 ("Notice of Motion")].

## II. DISCUSSION

### A. Standard of Review

#### 1. Federal Rule of Civil Procedure 56

"Summary judgment must be granted where the pleadings, the discovery and disclosure materials on file, and any affidavits show 'that there is no genuine dispute as to any material fact

---

[7] Ferro withdrew his first, seventh, eighth and tenth affirmative defenses pursuant to a so ordered stipulation on April 7, 2014. [Docket Entry No. 24].

[8] Eastern's motion pursuant to Rule 12(f) to strike Ferro's affirmative defenses is mooted by the granting of summary judgment to Eastern. *See C.A. Venezolana De Navegacion v. Joseph Vinal Container Corp.*, No. 86-civ-8339, 1987 WL 7377, at *3 n.1 (S.D.N.Y. Feb. 20, 1987) ([plaintiff's] further motion to strike the First Affirmative Defense is made moot by the granting of [plaintiff's] motion for summary judgment"); *Am. Home Assurance Co. v. CSX Lines, Inc.*, No. 02-civ-8779, 2005 WL 735041, at *1 n.1 (S.D.N.Y. Mar. 18, 2005) ("because the summary judgment motion and Rule 12(f) motion implicate the same issues, facts and case law, a ruling on one will necessarily decide the other").

8

and that the movant is entitled to judgment as a matter of law.'" *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). "In ruling on a summary judgment motion, the district court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (internal quotation marks omitted). "A fact is material if it might affect the outcome of the suit under the governing law, and an issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Ramos v. Baldor Specialty Foods, Inc.*, 687 F.3d 554, 558 (2d Cir. 2012) (internal citations and quotation marks omitted); *see also Crown Day Care LLC v. Dep't of Health and Mental Hygiene of City of New York*, 746 F.3d 538, 544 (2d Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Ricci v. DeStefano*, 557 U.S. 557, 586, 129 S.Ct. 2658, 174 L.Ed.2d 490 (2009) (quotation marks and citation omitted); *see also Fabrikant v. French*, 691 F.3d 193, 205 (2d Cir. 2012).

"The moving party bears the burden of establishing the absence of any genuine issue of material fact." *Zalaski v. City of Bridgeport Police Dep't*, 613 F.3d 336, 340 (2d Cir. 2010). If this burden is met, "the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown*, 654 F.3d at 358. "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 743 (2d Cir. 2003) (quoting *Anderson*, 477 U.S. at 252)

(alterations in original). In order to defeat summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts and may not rely on conclusory allegations or unsubstantiated speculation." *Brown*, 654 F.3d at 358 (internal quotation marks and citations omitted). "Once a movant has demonstrated that no material facts are in dispute, the non-movant must set forth specific facts indicating a genuine issue for trial exists in order to avoid the granting of summary judgment." *Cifarelli v. Vill. of Babylon*, 93 F.3d 47, 51 (2d Cir. 1996). "However, mere conclusory allegations, speculation or conjecture will not avail a party resisting summary judgment." *Id.* "Conclusory allegations, conjecture, and speculation... are insufficient to create a genuine issue of fact." *Niagara Mohawk Power Corp. v. Jones Chem.*, Inc., 315 F.3d 171, 175 (2d Cir. 2003) (quoting *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir.1998)). Where a motion for summary judgment is unopposed, a court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2011).

2. Federal Rule of Civil Procedure 12(b)(6)

While plaintiff moves for an order dismissing a counterclaim pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, "Rule 12(b)(6) is the appropriate Rule when moving to dismiss a claim or counterclaim." *Assets Recovery Ctr. Investments, LLC v. Smith*, No. 13-civ-253, 2014 WL 3525011, at *10 (E.D.N.Y. Mar. 12, 2014), *report and recommendation adopted*, No. 13-civ-0253, 2014 WL 3528460 (E.D.N.Y. July 15, 2014); *Oneida Indian Nation of New York v. New York*, 194 F. Supp. 2d 104, 134 (N.D.N.Y. 2002) ("A motion to dismiss a counterclaim is analyzed in the same manner as a motion to dismiss.").

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead sufficient facts "to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the…claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (internal quotation marks and citation omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955, 167 L.Ed.2d 929). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955, 167 L.Ed.2d 929). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955, 167 L.Ed.2d 929. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937, 173 L.Ed.2d 868. Moreover, in deciding a motion pursuant to Rule 12(b)(6), the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P.*, 737 F.3d 166, 176 (2d Cir. 2013); *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013). However, this tenet "is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937, 173 L.Ed.2d 868; *see also Wilson v. Dantas*, 746 F.3d 530, 535 (2d Cir. 2014). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937, 173 L.Ed.2d 868; *see also Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) ("A court can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." (quotations and citations omitted)).

    B.    Plaintiff is Entitled to Summary Judgment

        1.  Eastern Has Established its Prima Facie Case

In a mortgage foreclosure action under New York law, a lender must prove: (1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt. *U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 32 (2d Cir. 2012) (summary order). "Under New York law, summary judgment in a mortgage foreclosure action is appropriate where the Note and the Mortgage are produced to the Court along with proof that the Mortgagor has failed to make payments due under the Note." *Builders Bank v. Charm Devs. II, LLC*, No. 09-civ-3935, 2010 WL 3463142, at *2 (E.D.N.Y. Aug. 30, 2010); *see also Eastern Savings Bank, FSB v. Bright*, No. 11-civ-1721, 2012 WL 2674668, at *3 (E.D.N.Y. July 5, 2012) ("In a New York mortgage foreclosure action, a plaintiff makes a *prima facie* case—with summary judgment appropriate if nothing else is shown—where the foreclosing party produces documentary evidence establishing the three elements of a foreclosure claim: (1) a mortgage, (2) a note, and (3) proof of default on the note by the mortgagor."). "[W]here the mortgage holder establishes the basic elements of a cause of action for foreclosure, the mortgage holder is entitled to a presumptive right to collect,

12

which can only be overcome by an affirmative showing from the defendant." *U.S. v. Freidus*, 769 F.Supp. 1266, 1277 (S.D.N.Y. 1991).

Eastern has established its *prima facie* case by submitting copies of the Note and Mortgage, executed by defendant Ferro, and an affidavit from one of its Senior Asset Managers with direct knowledge of the facts and circumstances of the case attesting to defendant Ferro's default on the payments due. Brown Aff. ¶ 26. Plaintiff has therefore established its *prima facie* case for foreclosure. *See Eastern Savings Bank, FSB v. Rabito*, No. 11-civ-2501, 2012 WL 3544755, at *5 (E.D.N.Y. Aug. 16, 2012) (finding plaintiff had established its *prima facie* case for foreclosure by providing the Note and Mortgage and a sworn affidavit of one of its Senior Asset Managers testifying to defendant's default); *Assets Recovery Ctr. Investments*, 2014 WL 3525011, at *5 ("Once the plaintiff submits the mortgage, the unpaid note, and evidence of the default, it has satisfied its prima facie entitlement to judgment" (citing *Fleet Nat'l Bank v. Olasov,* 16 A.D.3d 374, 374, 793 N.Y.S.2d 52, 52 (2d Dep't 2005) (citing cases))).

2. Ferro's Affirmative Defenses Fail to Raise a Triable Issue

Because Eastern has met its *prima facie* case, the burden "shifts to the defendant to demonstrate that there is a triable issue of fact with respect to the merits of the defenses and/or counterclaims." *Assets Recovery Ctr. Investments,* 2014 WL 3525011, at *5. Ferro has not opposed Eastern's motion for summary judgment and has not provided any evidence in support of any of his affirmative defenses and therefore Ferro's "affirmative defenses…without any additional supporting evidence, are legally insufficient to preclude the imposition of summary judgment." *RTC Mortgage Trust 1995-S/N1 v. Polmar Realty, Inc.*, No. 91-civ-6685, 1996 WL 689281, at *4 (S.D.N.Y. Nov. 27, 1996); *see also Rabito*, 2012 WL 3544755, at *7 (striking defenses because defendant had "submitted no evidence to support his asserted defenses," and

13

granting plaintiff's motion for summary judgment and ordering foreclosure and sale of property because defendant had "not raised any genuine issue of material fact or legal defense to defend against plaintiff's motion for summary judgment"); *Frankel v. ICD Holdings S.A.*, 930 F. Supp. 54, 65 (S.D.N.Y. 1996) ("one who relies upon an affirmative defense to defeat an otherwise meritorious motion for summary judgment must adduce evidence which, viewed in the light most favorable to and drawing all reasonable inferences in favor of the non-moving party, would permit judgment for the non-moving party on the basis of that defense."). Because Ferro's unsupported affirmative defenses fail to raise a triable issue of fact, Eastern is entitled to summary judgment.

    C.    Ferro's Counterclaims are Dismissed

As noted above in Section II.A.2, the Court will address Eastern's motion to dismiss Ferro's counterclaims pursuant to Rule 12(b)(6), rather than Rule 12(f). *See Recovery Ctr. Investments*, LLC, 2014 WL 3525011, at *10 ("to the extent that plaintiff indicated in its motion that it was moving to dismiss both affirmative defenses and counterclaims pursuant to Rule 12(f), the motion to dismiss the counterclaims should have been brought pursuant to Rule 12(b)(6)"). In order to state a viable cause of action, a pleading must state "enough facts 'to state a claim for relief that is plausible on its face.'" *See Cadwell v. Gutman, Mintz Baker & Sonnenfelt, P.C.*, No. 08-cv-4207, 2010 WL 1270190, at * 2 (E.D.N.Y. Jan. 27, 2010) (quoting *Twombly*, 550 U.S. at 547). Ferro has alleged six (6) counterclaims, five of which do not plead sufficient facts "to state a claim to relief that is plausible on its face" (*Twombly*, 550 U.S. 544 at 547) and one of which must be dismissed because there is no private right of action for violations of the statutory section pursuant to which Ferro seeks relief.

Ferro's first counterclaim, which alleges that defendants violated Section 10 of the Real Estate Settlement Procedures Act ("RESPA") by demanding "immediate, lump sum payment…of an alleged escrow shortage" (Counterclaim ¶ 25), failing "to provide proof of an alleged escrow shortage and/or of payments made as and for real property tax payments" (*id.* ¶ 26) and demanding "immediate repayment of all alleged real property taxes due" (*id.* ¶ 27) is dismissed because there is no private right of action under Section 10 of RESPA.[9] *See McAnaney v. Astoria Fin. Corp.*, 357 F. Supp. 2d 578, 591 (E.D.N.Y. 2005) ("no private right of action exists under the escrow limitation provisions in § 2609(a) of RESPA"); *Dolan v. Fairbanks Capital Corp.*, 930 F. Supp. 2d 396, 418 (E.D.N.Y. 2013) ("there is no private right of action under [Section 2609]").

Ferro's second counterclaim alleges that it was "deceptive and unconscionable, and in violation of State and Federal laws, rules and regulations" (Ferro Counterclaim ¶¶ 35-36) for Eastern to refuse to "provide proof of an alleged escrow shortage and/or of payments made as and for real property tax payments" and to demand "immediate repayment of all alleged real property taxes due" (*id.* ¶ 35), and his third counterclaim alleges that the instant action "is based upon the Lender's miscalculation and/or misapplication of payments, is deceptive and unconscionable, and in violation of State and Federal laws, rules and regulations." *Id.* ¶ 41. Ferro's second and third counterclaims fail to provide facts to support these allegations and fail to allege which "state and Federal laws, rules and regulations" Eastern violated. As such, these

---

9    Section 10 of RESPA "limit[s] both the amount that a lender could require to be deposited in escrow at the time of settlement and the amount of subsequent monthly deposits. (RESPA § 10(a)). In general, RESPA states that a lender may not require the borrower 'to deposit in any escrow account which may be established in connection with such loan for the purpose of assuring payment of taxes, insurance premiums, or other charges with respect to the property, in connection with the settlement, an aggregate sum (for such purpose) in excess of a sum that will be sufficient to pay such taxes, insurance premiums and other charges....'" *McAnaney*, 357 F. Supp. 2d at 590 (citing 12 U.S.C. § 2609(a)).

statements are "too conclusory to meet even the liberal Rule 12(b)(6) standard." *Johnson v. Washington Mut. Bank, F.A.*, 216 F. App'x 64, 66 (2d Cir. 2007) (summary order). Similarly, Ferro's fourth and fifth counterclaims allege that Eastern violated New York State General Business Law § 349 (Counterclaim ¶¶ 45-48) and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 et seq. (*id.* ¶¶ 49-52) but fail to allege any facts to support these legal conclusions. "Threadbare recitals of the elements of a cause of action…do not suffice." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937, 173 L.Ed.2d 868. Ferro's sixth counterclaim, alleging that Ferro "has suffered devastating effects to his credit rating" (Counterclaim ¶¶ 53-55) without explaining how this gives him a cause of action against Eastern, is 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955, 167 L.Ed.2d 929). Therefore, Ferro's counterclaims are dismissed.

D.  Damages, Attorneys' Fees and Costs

In addition to a judgment of foreclosure and sale, plaintiff seeks to recover the unpaid principal amount due under the Note, and all accrued and unpaid interest, protective advances and late charges, which, as of October 17, 2013, amounted to two hundred twenty-three thousand eight hundred seventy-six dollars and eighty cents ($223,876.80), attorneys' fees and other costs and disbursements, and any and all additional fees that are due but not limited to protective advances that are due or may become due and payable as provided under the terms and conditions of the Note and Mortgage. *See* Compl. ¶ 22. Upon a finding of liability, the court must conduct an inquiry sufficient to establish damages to a "reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). "[T]he court may rely on detailed affidavits or documentary evidence...to evaluate the proposed sum." *Fustok v. Conti Commodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989); *see also Firststorm Partners 2, LLC v.*

16

*Vassel,* No. 10-civ-2356, 2012 WL 1885861, at *2 (E.D.N.Y. May 23, 2012) (granting summary judgment and directing plaintiff to file "supporting documentation and calculations to enable the court to assess the amount due and outstanding under the Note and Mortgage" and permitting defendants to respond to plaintiff's submission). Plaintiff shall submit additional affidavits, documents, and calculations to demonstrate the accuracy of its proposed damages, attorneys' fees and costs and any additional fees by **March 27, 2015**. Any defendant who wishes to oppose plaintiff's calculations must do so by **April 17, 2015.**

III. CONCLUSION

For the foregoing reasons, the Court grants plaintiff's motion for summary judgment against defendant Ferro. In addition, by **March 27, 2015**, plaintiff shall submit: (1) supporting affidavits, documentation and calculations to demonstrate the accuracy of its proposed damages and enable the Court to assess the amount due and outstanding under the Note and Mortgage and any protective advances and late charges; (2) supporting affidavits, documents and calculations to determine plaintiff's entitlement to an award of attorneys' fees, costs, disbursements and any additional fees; and (3) a proposed Order appointing a receiver. Any defendant who wishes to oppose plaintiff's calculations must do so by **April 17, 2015.** The status conference scheduled before the undersigned on March 10, 2015 is hereby adjourned to **June 17, 2015 at 11:15 a.m.**
**SO ORDERED.**

                                                          _____
                                                          Sandra J. Feuerstein
                                                          United States District Judge

Dated: February 24, 2015
       Central Islip, New York