F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 08 2018 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
EASTERN SAVINGS BANK, FSB,

                        Plaintiff,

-against-

LEONARD J. FERRO, RAB PERFORMANCE
RECOVERIES, LLC, DA SILVA PLASTIC &
RECONSTRUCTIVE SURGERY, PC, and
AUGUSTO DA SILVA, MD,

                        Defendants.
------------------------------------------------------X

**MEMORANDUM & ORDER**

13-CV- 5882 (SJF) (AYS)

FEUERSTEIN, J.:

On August 21, 2015, this Court issued a Judgment of Foreclosure and Sale (the "Judgment"). *See* Docket Entry ("DE") [54]. The Judgment foreclosed upon a mortgage encumbering a property known as 17 Dietz Street, Central Islip, New York (the "Property") and directed sale of the Property. Currently before the Court is a motion to vacate the Judgment submitted by defendant *pro se* Leonard J. Ferro ("Ferro"). Motion, DE [62]. Plaintiff Eastern Savings Bank, FSB ("ESB") opposes the motion. For the reasons set forth below, the motion is DENIED.

## I. BACKGROUND

Familiarity of the facts leading to this Court's entry of Judgment are assumed. In brief, Ferro executed a Note secured by the Property. After Ferro defaulted on his obligation, foreclosure actions were commenced in this Court.[1] When Ferro continued to default, ESB commenced this action on October 25, 2013. By Order dated February 24, 2015, the Court granted ESB's motion for summary against Ferro. *See* Order, DE [37]. Although Ferro was

---

[1] ESB voluntarily dismissed the first foreclosure action, without prejudice, based on payments from Ferro. *See* 10-CV-4932. The second foreclosure action ended when ESB and Ferro executed a Forbearance Agreement and Deferral Agreement. *See* 11-CV-5152. ESB voluntarily dismissed both actions without prejudice.

represented by counsel during the briefing of ESB's summary judgment motion, he did not submit any opposition.[2] ESB subsequently complied with the Court's direction to submit documentation pertaining to the calculation of damages. After receiving that submission and conducting a hearing, the Judgment was entered by the Court on August 21, 2015.

On October 1, 2015, Ferro filed for Chapter 7 relief before the Bankruptcy Court and obtained a discharge on January 6, 2016.[3] Pursuant to the Judgment, the Property was sold at foreclosure sale on February 24, 2016, and conveyed by deed to Beaver Dam Properties, Inc. ("Beaver Dam") on April 6, 2016. On June 27, 2016, Beaver Dam commenced eviction proceedings in the Fifth District Court of Suffolk County (the "Eviction Action"). On July 21, 2016, Ferro appeared in the Eviction Action and executed a stipulation to vacate the Property by October 21, 2016. *See* Opp., Ex. I. A Warrant of Eviction was issued on July 27, 2016, but execution was stayed through October 21, 2016 pursuant to the stipulation. *See* Opp., Ex. J.

Beginning in November 2016, Ferro engaged in a relentless battle to avoid eviction from the Property. He, or various "tenants" of the Property, filed six (6) additional petitions in the Bankruptcy Court that resulted in a stay of ESB and Beaver Dam's ability to enforce their rights in and to the Property. The petitions were filed in series – as one was disposed of by the Bankruptcy Court, a new one was filed. During the conduct of the seventh case, ESB and Beaver Dam sought an order from the Bankruptcy Court for prospective relief from the automatic stay as it would relate to the Property. In an Order dated November 27, 2107, United States Bankruptcy Judge Louis A. Scarcella granted their motion. *See In re: Melissa J. Mauceri*, No. 8-17-76058 (Bankr. E.D.N.Y.), DE [25] (the "Bankruptcy Order"). Judge Scarcella detailed the multiple bankruptcy filings affecting the Property and concluded that the seventh filing "was

---

[2] Ferro's counsel moved to withdraw while the summary judgment motion was *sub judice*.

[3] Post-judgment facts are taken from ESB's opposition papers and supporting documents. *See* ESB's Opposition ("Opp."), DE [63].

part of a scheme to hinder, delay, or defraud" ESB and Beaver Dam. Bankruptcy Order at 3. He vacated the automatic stay in that case and further ordered that the termination of the automatic stay as to ESB and Beaver Dam's "interest in the Property shall be binding in any other case filed under the Bankruptcy Code purporting to affect the Property that is filed not later than two (2) years after the date of this Order, such that the automatic stay . . . shall not apply to [ESB and Beaver Dam's] interest in the Property." *Id.*

On December 6, 2017, a week after the Bankruptcy Court barred its doors, Ferro returned to this Court to continue his efforts, moving by Order to Show Cause for a preliminary injunction. Proposed Order to Show Cause, DE [60]. Facing eviction, Ferro argued that "I was unjustly foreclosed on with violations of law" and "I have newly found evidence that I was illegally foreclosed on and therefor[e] I should not be at the point of eviction." *Id.* The Court declined to sign the Order to Show Cause. *See* DE [61]. Undeterred, Ferro filed the instant motion to vacate the Judgment, over two and ½ years after its issuance.

Ferro claims:

> (a) that the actual complaint lacked verification and or firsthand knowledge affirmation or oath or a statutory swearing of the pleadings and mandated by law, and (b) that the plaintiff also lacks standing to sue on the basis of plaintiff's failure to state a cause of action and (c) that plaintiff lacks the standing to sue on basis of the defective assignment(s) of mortgage and the lack of CPLR 2309 CERTIFICATE OF CONFORMITY as mandate[d] by statute, and (d) this court lacks standing to render a judgment since it had no constitutional authority to such judgment and (e) that predatory lending, fraud and misrepresentation by the lenders warrant that the discharging of the mortgage debt be granted herein.

Affidavit of Leonard J. Ferro ("Ferro Aff.") at ¶2, DE [62]. He also challenges this Court's personal jurisdiction over him based upon ineffective service of process, *id.* ¶20, and demands that ESB be directed to pay him $250,000.00 "for the damages caused by the frivolous actions filed by plaintiff herein." *Id.* ¶2.

## II. DISCUSSION

Rule 60(b) of the Federal Rules of Civil Procedure states that a court may relieve a party from a final judgment or order for, *inter alia*, mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud by an opposing party, or "any other reason that justifies relief." The relief available under Rule 60(b) "strikes a balance between serving the ends of justice and preserving the finality of judgments." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). Final judgments "should not be lightly reopened," however, and thus relief under Rule 60(b) should be granted "only upon a showing of exceptional circumstances." *Id.* (internal quotation and citations omitted). To merit relief under the catch-all provision of Rule 60(b)(6), a movant must demonstrate "extraordinary circumstances justifying relief" or "extreme and undue hardship." *Id.* at 63 (citations omitted). "The burden is on the moving party to demonstrate that it is entitled to relief, and courts '[g]enerally ... require that the evidence in support of the motion to vacate a final judgment be highly convincing.'" *Thai-Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 864 F.3d 172, 182 (2d Cir. 2017) (quoting *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)). In addition, a motion to vacate must be made "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment…" FED. R. CIV. P. 60(c)(1); *see also Wells v. New York City Transit Auth.*, No. 13–CV–4965, 2013 WL 6409457, at *3 (S.D.N.Y. Dec. 9, 2013) (noting that the "Second Circuit has interpreted a 'reasonable time' as eighteen months, unless the movant shows good cause for the delay or mitigating circumstances." (citations omitted)).

The Judgment was issued on August 21, 2015; Ferro's unsuccessful motion brought by order to show cause was submitted and denied on December 6, 2017, and the instant motion was filed over four (4) months later, on April 18, 2018. Thus, any motion for relief under Rule 60(b)(1), (2), or (3) is untimely by operation of the Rule. To the extent Ferro is entitled to any

4

relief, it must arise from the remaining sections. He fares no better there, however, because he has failed to demonstrate that his motion, made well over two (2) years after entry of the Judgment, was made within a reasonable time. He has presented no reason whatsoever why he could not have raised his concerns earlier, nor has he offered any reason, let alone good cause, why his claims should be considered timely. Looking at the timeline of activities in the Bankruptcy Court, it appears that Ferro only made this motion when he ran out of options in that forum. Such a strategic decision does not excuse the untimely filing of the motion in this Court. Accordingly, Ferro's motion is time-barred.

Finally, the Court recognizes that "[t]he discretionary relief available under Rule 60(b) is equitable." *Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 127 (2d Cir. 2009); *see also* 12 James Wm. Moore et al., Moore's Federal Practice § 60.22[5] (3d ed. 2008) ("The relief provided by Rule 60(b) is equitable in nature and, in exercising its discretion under Rule 60(b), a court may always consider whether the moving party has acted equitably."). Thus, it is appropriate to address whether Ferro comes into court with clean hands. The findings in the Bankruptcy Order and the timing of Ferro's return to this Court a week after issuance of that order is further evidence of his continuing efforts to prevent ESB and Beaver Dam from exercising their rights. In addition, many of the arguments asserted by Ferro in his motion appear to be frivolous. For example, although Ferro claims that ESB lacked standing to commence the action because of a "defective assignment" of the mortgage, there was no assignment since ESB was the original lender on the loan. Taking judicial notice of the prior proceedings, the Bankruptcy Order, and the current motion, this Court finds that Ferro's conduct weighs heavily against providing him with equitable relief under Rule 60.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to vacate the Judgment, DE [62], is denied. The Clerk of the Court is directed to serve a copy of this Order on Ferro at his address as indicated on the face of the motion.

**SO ORDERED.**

/s/
Sandra J. Feuerstein
United States District Judge

Dated: November 8, 2018
      Central Islip, New York